# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-2463-FMO (AGR) | Date | August 25, 2017 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Deputy Volodinos | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| not present | None |

**Proceedings:** In Chambers: PETITIONER'S REQUEST FOR SUBPOENAS; FURTHER ORDER TO SHOW CAUSE

On March 30, 2017, Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint alleging abuse by a Los Angeles County jail deputy, Volodinos, the sole defendant. On March 31, 2017, the court issued an order directing the U.S. Marshal to serve process on Volodinos in his individual and official capacity. The process receipts filed on May 1, 2017 indicate that Volodinos could not be served because "[t]here is no [Los Angeles County Sheriff's Deputy] with the last name Volodinos." (Dkt. Nos. 7, 8.)

Accordingly, on July 19, 2017, the Court issued an order to show cause, advising Plaintiff as follows:

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2463-FMO (AGR) | Date | August 25, 2017 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Deputy Volodinos | | |

is appropriate. *Id.* at 1421-22.

Plaintiff may be able to obtain further information by propounding discovery, such as a subpoena issued to the Los Angeles County Sheriff's Department.
. . .
IT IS ORDERED that Plaintiff shall show cause in writing, ***or before August 21, 2017,*** why Defendant Volodinos should not be dismissed from this action without prejudice pursuant to Rule 4(m). (If the sole defendant is dismissed, then the Court would also dismiss the action without prejudice.) Plaintiff should provide any additional information he has about Volodinos so that he can be identified and served with process.

(Dkt. No. 16.)

On August 8, 2017, Plaintiff filed responses to the show-cause order. (Dkt. Nos. 19, 21.) Among other things, he indicates his ongoing efforts to obtain Defendant's address by filing jail grievances requesting it. He also filed a letter requesting subpoenas "to get information from [the] Los Angeles County Sheriff's Department." (Dkt. No. 20.)

IT IS ORDERED that Plaintiff's request for subpoenas is GRANTED. The Clerk shall send him two subpoenas in blank. The Court cautions Plaintiff, however, that before the Court will direct service of any subpoena on his behalf as an in forma pauperis litigant, *see* 28 U.S.C. § 1915(d), the Court must approve the content of the subpoena. In addition, Plaintiff is advised of the following:

The process receipt indicates that the Sheriff's Department has no deputy with the last name Volodinos. "Please confirm the name." (Dkt. Nos. 7-8.) Therefore, Plaintiff may have an incorrect spelling of Defendant's name. Plaintiff may request to serve a subpoena on the Sheriff's Department to produce, for example, (1) a duty roster for a particular date, time or shift, and location within Twin Towers; (2) incident reports for the incident involving Plaintiff's foot while housed in HOH (High Observation Housing) if Plaintiff provides an approximate date, time and location; and (3) medical records for the incident involving Plaintiff's foot, which may contain the deputy's name. Plaintiff should provide as much information as possible about dates, times and locations such as what cell or building he was in at the time.

Plaintiff should return the subpoenas to the Court for review promptly.

IT IS FURTHER ORDERED that Plaintiff shall show cause in writing, ***or before October***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2463-FMO (AGR) | Date | August 25, 2017 |
|---|---|---|---|
| Title | Charles Keller Cooper Jr. v. Deputy Volodinos | | |

*31, 2017,* why Defendant should not be dismissed from this action without prejudice pursuant to Rule 4(m). (If the sole defendant is dismissed, then the Court would also dismiss the action without prejudice.) On or before that date, Plaintiff should provide any additional information he receives about Defendant so that he can be identified, either via subpoena or otherwise, and served with process.

Initials of Preparer   mp