JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KELLER COOPER JR., <br> Plaintiff, <br> v. <br> VOLODINOS, et al., <br> Defendants. | NO. CV 17-2463-FMO (AGR) <br><br> **ORDER OF DISMISSAL** |

### I. Procedural History

On March 30, 2017, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) Defendant is Los Angeles County Sheriff's Department Deputy Valdovinos-Ocha (sued as "Volodinos"), in his individual and official capacities.

The complaint was based on an incident that occurred on January 3, 2017 at Mens Central Jail. Under "Previous Lawsuits," Plaintiff identified Case No. 16-00088-FMO (AGR).[1] He described his allegations against Valdovinos-Ocha in that action as follows: "Deputy [Valdovinos-Ocha] slams my foot in a cell door

---

[1] Plaintiff's claims against "Volodinos" were dismissed without prejudice under Rule 4(m) on September 29, 2016, and the entire action was dismissed without prejudice on November 4, 2016 for failure to prosecute. Mail sent to Plaintiff was returned as undeliverable. (Case No. 16-0088-FMO (AGR), Dkt. Nos. 26, 29.) In his current complaint Plaintiff explains he was "missing in action" due to hospitalizations. (Compl. at 2.)

while I was housed at 450 Bauchet Street Los Angeles Ca 90012 Dorm (H.O.H.) High Observation Housing." (*Id.* at 1.)

Defendant filed a motion for summary judgment on the assumption that the January 3, 2017 incident was the sole basis for the complaint in this action.[2] (Dkt. No. 93.) In his opposition, Plaintiff contended that his claims in this action actually arose out of the 2015 incident when Defendant allegedly slammed a door on Plaintiff's foot. After full briefing, the magistrate judge recommended that the Court grant the Defendant's motion for summary judgment on the claims based on the January 3, 2017 incident and permit Defendant to file a second motion for summary judgment on the 2015 incident that formed the basis of Plaintiff's opposition. (Dkt. No. 106.) Defendant thereafter filed a motion for summary judgment on the 2015 incident. (Dkt. No. 110.)

On January 31, 2020, this Court granted Defendant's motion for summary judgment on Plaintiff's claims arising from the January 3, 2017 incident and referred Defendant's motion for summary judgment based on the 2015 incident to the magistrate judge. (Dkt. No. 117.)

The magistrate judge issued a *Rand* notice for Defendant's motion for summary judgment on the 2015 incident. (Dkt. No. 111); *Rand v. Rowland*, 154 F.3d 952, 955 (9th Cir. 1998) (en banc). The mail was returned as undeliverable by the postal service. (Dkt. No. 116.) Nevertheless, on March 24, 2020, Plaintiff filed a notice of change of address to "homeless status" and listed a phone number. (Dkt. No. 120.) Plaintiff also filed a document stating that he had lost his phone and was "now homeless without a phone." (Dkt. No. 119.) He stated that he tried to call Defendants "to inform them that I will be writing an opposition

---

[2] On April 23, 2019, Plaintiff participated in a settlement conference ordered in a different case, *Cooper v. County of Los Angeles*, CV 17-8335 FMO (AGR) (C.D. Cal.) The cases did not settle. (Dkt. No. 97, CV 17-8335.)

to the defend[a]nts accusations that I was fighting or in combat with staff involved." Defendants did not answer, so Plaintiff left a message with the defense lawyers. (*Id.*) Plaintiff asked that the Court not grant Defendant's motion for summary judgment and "not punish me for lack of resources and for having housing issues." (*Id.*)

On August 10, 2020, Defendant filed an Inquiry and declaration. (Dkt. No. 122.) Defense counsel states that he left a voicemail message at the phone number listed in Plaintiff's last notice of change of address and received no response. Without a phone number or physical address, defense counsel has no way to contact Plaintiff. (Altura Decl. ¶¶ 3-5.)

## II.  **Inability to Contact Plaintiff**

Local Rule 41-6 requires that a Plaintiff proceeding *pro se* must keep the Court apprised of the Plaintiff's current address. In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6. Neither defense counsel nor the Court is able to contact Plaintiff.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

3

prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to notify the court of his current mailing address and has rendered it difficult if not impossible for the court or defense counsel to contact him. Plaintiff's conduct hinders the court's ability to move this case toward disposition.

The third factor – prejudice to defendants – weighs in favor of dismissal or is at best neutral. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Although plaintiff claims that he is homeless, that does not prevent him from receiving mail. The United States Post Office allows homeless persons to receive mail via a post office box or through its "general delivery" service at the individual's local post office. (See "Is there Mail Service for the Homeless?" U.S. Postal Service, available at https://faq.usps.com/s/article/is-there-mail-service-for-the-homeless) (last visited Aug. 20, 2020).[3] Plaintiff does not explain why he has not attempted to arrange with the postal service to hold mail for him for pickup at one of its local post offices. In short, defense counsel's inability to contact Plaintiff means that Defendant cannot litigate this case to conclusion.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See*

---

[3] The court takes judicial notice of this page from the U.S. Postal Service website. See El-Aheidab v. Citibank (S. Dak.), N.A., 2012 WL 506473, at *4 (N.D. Cal. 2012) (taking judicial notice of USPS website).

4

*Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of a means by which the Court can contact him.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal, again because Plaintiff has failed to keep the court apprised of his current address or other means of contacting him. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Absent a current address for Plaintiff or other means of contacting him, there is nothing more the court can do.

Accordingly, IT IS HEREBY ORDERED that:

1. All pending motions are denied as moot.

2. This action is dismissed without prejudice. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). This order is without prejudice to Plaintiff's ability to file a motion to reopen the case within 30 days after entry of this order. Failure to file a motion to reopen within 30 days of the filing of this Order shall result in the entry of judgment dismissing the case without prejudice.

Dated this 21st day of August, 2020.

                                                /S/
                                  FERNANDO M. OLGUIN
                              UNITED STATES DISTRICT JUDGE